### IN RE the COMMITMENT OF Stephen Patrick BLACK

No. 04–16–00423–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 15, 2017

Teresa Dunsmore, Teresa Simpson Dunsmore, Huntsville, TX, for Appellant.

Melinda Fletcher, Special Prosecution Unit, Amarillo, TX, Z. Heather McMinn, 25th Judicial District Attorney, Seguin, TX, for Appellee.

Sitting: Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Luz Elena D. Chapa, Justice

Stephen Black appeals from a judgment civilly committing him as a sexually violent

predator. He argues the trial court erred by granting the State a partial directed verdict finding he "is a repeat sexually violent offender" under section 841.003 of the Texas Health & Safety Code. We affirm the trial court's judgment.

### BACKGROUND

The State filed an original petition alleging Black is a sexually violent predator and "requesting that [he] be committed for treatment and supervision." The case proceeded to a jury trial. During trial, the trial court admitted several judgments of conviction and corresponding indictments. One judgment is Black's conviction for indecency with a child by contact for which the trial court imposed a twelve-year prison sentence. Another judgment is a conviction for burglary of a habitation with the intent to commit a felony. The judgment of conviction for burglary states Black pled nolo contendere to "Count I Paragraph A of the Indictment," which charged Black with "knowingly and intentionally enter[ing] a habitation with intent to commit THE FELONY OF SEXUAL ASSAULT, without the effective consent of [E.L.], the owner of said habitation." The judgment of conviction reflects the trial court found Black guilty and imposed a sentence of ten years in prison and a $1,500 fine. The State's expert witness, Black's expert witness, and Black himself testified Black's burglary conviction was for entering a habitation with the intent to commit sexual assault.

The State moved for "a directed verdict on the issue of whether Mr. Black is a repeat sexually violent offender as defined in Chapter 841 of the Health and Safety Code as a person who is convicted of more than one sexually violent offense and a sentence was imposed for at least one of those offenses." Black responded by stating chapter 845 provides the defendant with a right to a trial by jury and that

right includes a jury finding on whether Black was convicted of more than one sexually violent offense. The trial court granted the State's motion.

In the jury charge, the court instructed the jury to answer whether it found beyond a reasonable doubt that Black is a sexually violent predator. The jury charge defined a "sexually violent predator" as a person who "(1) is a repeat sexually violent offender" and "(2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." The jury charge provided a person "is a repeat sexually violent offender ... if the person is convicted of more than one sexually violent offense and sentence is imposed for at least one of the offenses." The jury charge also instructed the jury that Black "has been convicted of more than one sexually violent offense and a sentence was imposed for at least one of the offenses. Therefore, he is a 'repeat sexually violent offender.'" The jury returned a unanimous verdict that Black is a "sexually violent predator." The trial court rendered a final judgment civilly committing Black as a sexually violent predator, and Black appeals.

### DISCUSSION

In two issues, Black argues the trial court erred by granting a partial directed verdict. Black argues (1) the trial court admitted more than a scintilla of evidence that he did not actually have the intent to commit sexual assault when he committed burglary; and (2) he had a statutory right to have the jury decide whether he had been convicted of more than one sexually violent offense and whether sentence was imposed for at least one of them. The State responds chapter 841 of the Texas Health & Safety Code requires the State to prove the defendant had "convictions" for certain sexual offenses and the State is

not required to prove, a second time, that the defendant actually committed the offense. It also responds that a directed verdict as provided in Texas Rule of Civil Procedure 268 is not inconsistent with the statutory right to a jury in a civil case under chapter 841.

## A. Standards of Review

▮ "In reviewing the granting of a directed verdict, we follow the standard of review for assessing the legal sufficiency of the evidence." *Ibarra v. Nat'l Constr. Rentals, Inc.*, 199 S.W.3d 32, 37 (Tex. App.–San Antonio 2006, no pet.). "[W]e examine the evidence in the light most favorable to the person suffering an adverse judgment and decide whether there is any evidence of probative value to raise an issue of material fact on the question presented." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011). We review the proper construction of a statute de novo. *Hoskins v. Hoskins*, 497 S.W.3d 490, 493 (Tex. 2016). "When statutory text is clear and unambiguous, we construe that text according to its plain and common meaning unless a contrary intention is apparent from the statute's context." *Id.* at 493–94.

## B. "A Repeat Sexually Violent Offender"

▮ Under chapter 841 of the Texas Health & Safety Code, a trial court must commit a person for treatment and supervision if a factfinder determines the person is a "sexually violent predator." TEX. HEALTH & SAFETY CODE ANN. § 841.081 (West Supp. 2016). "A person is a sexually violent predator for the purposes of this chapter if the person: (1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A person is a "repeat sexually violent offender" if the person "is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." *Id.* § 841.003(b). Chapter 841 defines a "sexually violent offense" as including indecency with a child and burglary of a habitation with the intent to commit sexual assault. *See id.* § 841.002(8)(A), (C) (defining "sexually violent offense by reference to TEX. PENAL CODE ANN. §§ 21.11(a)(1); 22.011; 30.02(a), (d)).

▮ Black argues there is evidence showing he did not commit burglary with the actual intent to commit sexual assault. Black cites to his testimony and argues his intent when he committed burglary was only to commit an assault, not a sexual assault. However, the plain language of chapter 841 provides a person is a "repeat sexually violent offender" if the person "is *convicted* of more than one sexually violent offense." *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(b) (emphasis added); *Hoskins*, 497 S.W.3d at 493 (requiring us to construe an unambiguous statute according to its plain language). Even if there was evidence at Black's civil commitment proceeding showing he did not actually intend to commit a sexual assault when he committed burglary, it is undisputed that he was *convicted* of committing burglary *with the intent to commit sexual assault*. The defendant in a civil commitment proceeding under chapter 841 "cannot collaterally attack the criminal conviction in the commitment proceeding." *In re Commitment of Eeds*, 254 S.W.3d 555, 558 (Tex. App.–Beaumont 2008, no pet.). We hold Black's testimony is not probative evidence of the material fact of whether he was "convicted" of burglary *with the intent to commit sexual assault*. Because the record conclusively establishes Black's burglary conviction is a

**6**

conviction for a "sexually violent offense" under chapter 841, we overrule this issue.

## C. Statutory Right to a Jury Trial

In a trial to determine whether a person meets the statutory definition of a sexually violent predator, "[t]he person or the state is entitled to a jury trial on demand." TEX. HEALTH & SAFETY CODE ANN. § 841.061(b); *see id.* § 841.146(a) (also providing a right to a jury trial in a civil commitment proceeding). "[A] civil commitment proceeding is subject to the rules of procedure and appeal for civil cases. To the extent of any conflict between this chapter and the rules of procedure and appeal for civil cases, this chapter controls." *Id.* § 841.146(b).

Black argues that his right to a jury trial under chapter 841 conflicts with Texas Rule of Civil Procedure 268, which authorizes a motion for directed verdict. *See* TEX. R. CIV. P. 268 (requiring "a motion for directed verdict [to] state the specific grounds therefor."). "A directed verdict does not violate the right to a trial by jury because it is a procedure that depends on a trial court's conclusion that there are no issues of fact to be determined." *In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 WL 1400671, at *3 (Tex. App.–Beaumont Apr. 10, 2014, pet. denied) (mem. op.); *see In re Commitment of Stuteville*, 463 S.W.3d 543, 557 (Tex. App.–Houston [1st Dist.] 2015, pet. denied); *see also Adams v. Houston Nat'l Bank*, 1 S.W.2d 878, 879 (Tex. 1928) (holding a right to a jury trial in civil cases does not include those cases in which there is no controverted issue of fact for determination). We therefore hold chapter 841 does not preclude the trial court from granting

a directed verdict on the undisputed issue of whether he was a "repeat sexually violent offender." *See Commitment of Lemmons*, 2014 WL 1400671, at *3.[1]

### CONCLUSION

The evidence conclusively establishes Black is a "repeat sexually violent offender" as defined by chapter 841, and there is no evidence of probative value to the contrary. Thus, the trial court's grant of a partial directed verdict on that issue did not violate Black's right to a jury trial under chapter 841. We affirm the trial court's judgment.

---

1. Black does not cite to any case from any jurisdiction holding a defendant in a civil commitment proceeding has a due process right to a jury trial in which the jury may reject undisputed material facts. "Several

courts, however, have concluded that due process does not provide a constitutional right to a trial by jury in a civil commitment proceeding." *United States v. Shields*, 522 F.Supp.2d 317, 338 (D. Mass. 2007).