IN RE the COMMITMENT OF
Michael Edward PERDUE

NO. 02-17-00017-CV

Court of Appeals of Texas,
Fort Worth.

DELIVERED: August 17, 2017

---

ATTORNEY FOR APPELLANT: GEORGINA STEPHENSON, STATE COUNSEL FOR OFFENDERS, HUNTSVILLE, TEXAS.

ATTORNEY FOR APPELLEE: MELINDA FLETCHER, SPECIAL PROSECUTION UNIT, AMARILLO, TEXAS.

PANEL: WALKER, MEIER, and KERR, JJ.

## OPINION

ELIZABETH KERR, JUSTICE

The State filed a petition to commit Michael Edward Perdue as a sexually violent predator (SVP). A jury found that Perdue is an SVP, and the trial court rendered a final judgment and a civil-commitment order. Perdue appeals, contending in one issue that the trial court erroneously granted the State's motion for partial directed verdict on whether Perdue is a "repeat sexually violent offender," something that is one of the two statutory elements of an SVP finding. We affirm.

### I. Background

At trial, Perdue admitted to having four sexual-offense convictions consisting of two convictions for indecency with a child by contact in 1985, a 1987 conviction for indecency with a child by contact, and a 1994 conviction for aggravated sexual assault of a child under 14 years of age. Perdue pleaded guilty to each of these four offenses. He was given deferred-adjudication probation for the 1985 offenses, but his probation was revoked and he was adjudicated guilty because of the 1987 offense. He was sentenced to five years in prison for each of the 1985 convictions and for the 1987 conviction, with the three sentences to run concurrently. After serving roughly two years, on New Year's Day of 1994 Perdue reoffended. Following his 1994 conviction, he was sentenced to 30 years in prison and is currently incarcerated. The

State introduced into evidence the deferred-adjudication orders and Perdue's "pen packets," which contained the conviction judgments.

After Perdue admitted to these four sexual-offense convictions, the State moved for a partial directed verdict on the ground that the evidence conclusively established that Perdue is a repeat sexually violent offender. The trial court took judicial notice of the offenses and concluded that no factual dispute on this issue existed. The court granted the State's motion and included the remaining disputed issue—whether Perdue suffers from a "behavioral abnormality" as statutorily defined—in the charge, along with telling the jury of the partial directed verdict. The jury unanimously found that Purdue is an SVP.

## II. Issue on Appeal

Perdue argues that the trial court erred by granting the State's motion for directed verdict on the first of the two elements necessary to commit him as an SVP. He claims a conflict between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP statute, which provides that in a jury trial, it is for the jury to determine whether a person is an SVP. See Tex. Health & Safety Code Ann. §§ 841.061(b), .062(a) (West 2017); Tex. R. Civ. P. 268. According to Perdue, the SVP statute should control, and the trial court should therefore have denied the State's motion for partial directed verdict. See Tex. Health & Safety Code Ann. § 841.146(b) (West 2017).

## III. Applicable Law

Under chapter 841 of the health and safety code, a trial court must commit a person for treatment and supervision if the factfinder determines the person is an SVP. Id. § 841.081(a) (West 2017). A person is an SVP if he "(1) is a repeat sexually

violent offender, and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Id. § 841.003(a) (West 2017). A person is a repeat sexually violent offender if he "is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses . . . ." Id. § 841.003(b) (West 2017). Both indecency with a child by contact and aggravated sexual assault are legislatively defined as sexually violent offenses. Id. § 841.002(8)(A) (West 2017); Tex. Penal Code Ann. §§ 21.11(a)(1) (West 2011), 22.021 (West Supp. 2016).

In a civil-commitment case, a person is "entitled to a jury trial on demand." Tex. Health & Safety Code Ann. § 841.061(b). And the State must prove, beyond a reasonable doubt, that a person is an SVP. See id. § 841.062(a). Although civil commitments are generally governed by the Texas Rules of Civil Procedure, when chapter 841 and those rules conflict, chapter 841 prevails. Id. § 841.146(b).

The rules of civil procedure provide for a directed verdict. See Tex. R. Civ. P. 268. A directed verdict is proper only under limited circumstances: (1) when the evidence is insufficient to raise a material fact issue, or (2) when the evidence conclusively establishes the movant's right to judgment or negates the opponent's right. See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000); Farmers Grp. Ins., Inc. v. Poteet, 434 S.W.3d 316, 331–32 (Tex. App.—Fort Worth 2014, pet. denied).

## IV. Discussion

■ Perdue's argument—that a conflict exists between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP statute, which provides that in a jury trial, "the jury shall determine whether, beyond a reasonable doubt,

the person is" an SVP—is unpersuasive. Tex. Health & Safety Code Ann. § 841.062(a); *see* Tex. R. Civ. P. 268. In essence, Perdue is asking us to interpret section 841.062(a) to mean that regardless of the evidence and any testimonial admissions, a trial court may never instruct the jury that as a matter of law someone has in fact been convicted of more than one sexually violent offense and a sentence was imposed on at least one offense. But where the evidence at trial and Perdue's own admissions conclusively established that he met the statutory definition of a "repeat sexually violent offender," the trial court need not have asked the jury to make a factual finding on an undisputed fact.

■ Cases abound recognizing that in civil-commitment jury trials, the trial court "may grant a partial directed verdict to remove a certain portion of a case from the factfinder." *In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 WL 1400671, at *3 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.) (citing *In re Commitment of Scott*, No. 09-11-00555-CV, 2012 WL 5289333, at *2 (Tex. App.—Beaumont Oct. 25, 2012, no pet.) (mem. op); *In re Commitment of Martinez*, No. 09-12-00452-CV, 2013 WL 5874583, at *3–4 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.)). "A directed verdict does not violate the right to a trial by jury because it is a procedure that depends on a trial court's conclusion that there are no issues of fact to be determined." *Id.* (citing *Rosenthal v. Boyd*, No. 03-11-00037-CV, 2013 WL 1876513, at *4 (Tex. App.—Austin May 1, 2013, no pet.) (mem. op.)).

Three of our sister courts have upheld the availability of a directed verdict on the repeat-sexually-violent-offender element in a civil-commitment proceeding; none has held otherwise. *See, e.g., In re Commitment of Talley*, No. 01-16-00572-CV, 522 S.W.3d 742, 750–51, 2017 WL 1536478, at *6 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.); *In re Commitment of Black*, No. 04-16-00423-CV, 522 S.W.3d 2, 6, 2017 WL 993094, at *3 (Tex. App.—San Antonio Mar. 15, 2017, pet. filed); *Lemmons*, 2014 WL 1400671, at *3.

Like Perdue, Lemmons had been convicted of multiple sexually violent offenses. *Lemmons*, 2014 WL 1400671, at *1. During the civil-commitment trial, the State moved for a partial directed verdict because the evidence of Lemmons's prior convictions conclusively established that he was a repeat sexually violent offender. *Id.* at *3. The court granted the State's motion, and the Beaumont court affirmed, concluding that there is "no conflict between the SVP statute and the Rules of Civil Procedure that precludes the granting of a directed verdict in a jury trial when no evidence of probative value raises an issue of material fact on the question presented." *Id.*

In a more recent case, *Talley*, the State petitioned for Talley's civil commitment after Talley was convicted for a string of sexually violent offenses. *See Talley*, 522 S.W.3d at 744–45, 2017 WL 1536478, at *1. Talley admitted to these offenses and to his corresponding prison sentences in response to the State's request for admissions and at trial, and the State also introduced records proving the convictions and sentences. *Id.* at 744–45, 750–51, 2017 WL 1536478, at *1, *6. As here, the State successfully moved for directed verdict on the repeat-sexually-violent-offender issue. *Id.*

Upholding the ruling, the appellate court said this: "Absent evidence that challenges the evidence that the defendant has been convicted of more than one sexually violent offense and for which a sentence was imposed for one of them, a person's status as a sexually violent offender is a legal determination appropriate for partial directed

verdict." *Id.* at 750, 2017 WL 1536478, at *5 (citing *In re Commitment of Alvarado*, No. 09-13-00217-CV, 2014 WL 1285136, at *13 (Tex. App.—Beaumont Mar. 27, 2014, pet. denied) (mem. op.); *Martinez*, 2013 WL 5874583, at *5; *Scott*, 2012 WL 5289333, at *2).[1] Because Talley admitted that he was a repeat sexually violent offender and the State proffered evidence supporting his admissions, the court held that "no fact question existed for the jury to decide . . . and the trial court did not err by granting a directed verdict on this element." *Id.* at 751, 2017 WL 1536478, at *6.

Similarly, Perdue has multiple undisputed convictions for sexually violent offenses. He admitted to each of them at the commitment trial, and the State introduced evidence supporting his admissions and establishing the sentences for his convictions. We agree with our sister courts that rule 268 does not conflict with health and safety code section 841.062(a) and that a directed verdict is available in a civil-commitment trial on the repeat-sexually-violent-offender element when it is conclusively established and is not a contested issue for the jury to decide. *See id.* at 749–51, 2017 WL 1536478, at *5–6; *Lemmons*, 2014 WL 1400671, at *3; *see also Black*, 522 S.W.3d at 6, 2017 WL 993094, at *3 ("We therefore hold chapter 841 does not preclude the trial court from granting a directed verdict on the undisputed issue of whether he was a 'repeat sexually violent offender.' "). As a result, we conclude the trial court did not err by granting the State's motion for partial directed verdict, and we overrule Perdue's sole issue.

1. Until recently, when the law was amended, all SVP cases were required to be filed in district court in Montgomery County, Texas, over which the Beaumont court of appeals has appellate jurisdiction. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec.

### V. Conclusion

Having overruled Perdue's only issue, we affirm the trial court's judgment and civil-commitment order.

841.041(a), 1999 Tex. Gen. Laws 4122, 4146 (amended 2015) (current version at Tex. Health & Safety Code Ann. § 841.041(a) (West 2017)). That explains why a disproportionate number of SVP-related decisions have historically come from Beaumont.