

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00241-CV

_____

STEPHEN PATRICK BLACK, APPELLANT

V.

MARSHA MCLANE, EXECUTIVE DIRECTOR OF THE
TEXAS CIVIL COMMITMENT OFFICE, APPELLEE

On Appeal from the154th District Court
Lamb County, Texas
Trial Court No. DCV-20031-18; Honorable Felix Klein, Presiding

March 23, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Stephen Patrick Black, proceeding *pro se* and *in forma pauperis*, filed suit against Appellee, Marsha McLane, Executive Director of the Texas Civil Commitment Office, and others, challenging the constitutionality of chapter 841 of the Texas Health

and Safety Code.[1]  McLane filed a plea to the jurisdiction, which the trial court granted, and then dismissed Black's suit without prejudice for lack of subject matter jurisdiction. Black presents the following issues questioning the trial court's order of dismissal:  (1) Lamb County has inherent jurisdiction over his constitutional claims; (2) a committing court's exclusive jurisdiction is limited to specific proceedings none of which encompass constitutional challenges; and (3) interpreting the jurisdiction provision as granting the committing court exclusive jurisdiction over constitutional challenges conflicts with the restriction on jurisdiction over proceedings under section 841.085 of the Texas Health and Safety Code.  In toto, Black's issues can be distilled into one complaint questioning whether the Legislature intended that a civil commitment court retain exclusive jurisdiction over a constitutional challenge to the commitment requirements of section 841.082. McLane responds that Black's suit is essentially a petition to modify the conditions of his civil commitment under chapter 841 of the Code and that the intent of the Legislature is clear that committing courts retain jurisdiction over such claims.  By reply brief, Black disputes McLane's contentions.  We agree with McLane and affirm.

**BACKGROUND**

Pursuant to a plea bargain, Black was convicted of indecency with a child in 2006 and was sentenced to twelve years confinement.  In April 2016, he was civilly committed after a jury found him to be a "sexually violent predator."  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.081 (West 2017).  The court that ordered his civil commitment is the 274th District Court of Guadalupe County, Texas.  Since that commitment, he has been housed in the Civil Commitment Facility in Lamb County, Texas, and has filed

---

[1] Chapter 841 is known as the Sexually Violent Predators Act.  *See* §§ 841.001-.151 (West 2017 & Supp. 2020).

various suits and mandamus proceedings in courts having jurisdiction in both Guadalupe and Lamb Counties.[2]

In this most recent suit, Black filed a petition in the 154th District Court of Lamb County,[3] asserting the Lamb County District Court had jurisdiction to entertain his constitutional challenges to section 841.082(a)(4)(A)(ii), (iii) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(4)(A)(ii), (iii) (West Supp. 2020). The relevant portions of the statute he challenges on appeal provide as follows:

(a) Before entering an order directing a person's civil commitment, the judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community. The requirements shall include:

* * *

(4) requiring the person to submit to appropriate supervision and:

(A) submit to tracking under a particular type of tracking service, if the person:

* * *

(ii) is in one of the two most restrictive tiers of treatment, as determined by the office; [or]

(iii) is on disciplinary status, as determined by the office . . . .

---

[2] A non-exhaustive list of those filings includes the following cases: *In re Black*, No. 07-20-00363-CV, 2021 Tex. App. LEXIS 1163 (Tex. App.—Amarillo Feb. 12, orig. proceeding); *In re Commitment of Black*, 594 S.W.3d 590 (Tex. App.—San Antonio 2019, no pet.); *In re Black*, No. 04-19-00107-CV, 2019 Tex. App. LEXIS 3900 (Tex. App.—San Antonio May 15, 2019, orig. proceeding); *In re Black*, No. 04-19-00094-CV, 2019 Tex. App. LEXIS 1962 (Tex. App.—San Antonio March 13, 2019, orig. proceeding); *In re Commitment of Black*, No. 04-19-00001-CV, 2019 Tex. App. LEXIS 1019 (Tex. App.—San Antonio Feb. 13, 2019, no pet.) (mem. op.); *In re Black*, No. 04-18-00700-CV, 2018 Tex. App. LEXIS 9973 (Tex. App.—San Antonio Dec. 5, 2018, orig. proceeding); *In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet. denied).

[3] Black pleaded his suit as a class-action lawsuit; however, the record does not reflect that class certification ever occurred.

By his suit, Black sought declaratory relief, an immediate preliminary injunction, and a permanent injunction to have "these unconstitutional devices (GPS tracking monitors) permanently removed."[4]   Despite the requested relief, Black specifically asserted he was not challenging the requirements of his civil commitment.

McLane responded with a plea to the jurisdiction alleging that the 154th District Court of Lamb County lacked jurisdiction to entertain Black's suit because essentially, the remedy he sought was removal of the GPS tracking device—a modification of his commitment requirements which could only be provided by the court that originally ordered his civil commitment.  McLane proposed that Black's constitutional challenge was simply a disguise for removal of the requirement that he wear a GPS tracking device.

After a brief hearing on McLane's plea to the jurisdiction, at which Black testified, the trial judge of the 154th District Court agreed the court had no jurisdiction to hear the suit and it was dismissed without prejudice.  The trial judge further announced that Black was free to file his suit in Guadalupe County, the court of proper jurisdiction, to address any amendments to his order of commitment.  In lieu of refiling his claim in the 274th District Court of Guadalupe County, Texas, Black appealed the trial court's dismissal of his suit to this court.

Here, the gist of Black's complaints is that requiring him to wear a GPS tracking device while confined in a maximum-security facility is punitive and violates his constitutional rights.  He questions the Legislature's intent with regard to the statute's

---

[4] We note that Black has previously requested removal of his tracking device.  However, the request was impliedly denied when the trial court found in a May 9, 2018 order that none of the requirements of his civil commitment should be modified.  *See In re Black*, No. 04-18-00700-CV, 2018 Tex. App. LEXIS 9973, at *6-7 (Tex. App.—San Antonio Dec. 5, 2018, orig. proceeding).

4

requirement that confined individuals in more restrictive tiers of treatment be required to wear tracking devices. He urges that tracking devices should only be intended to monitor individuals out in the community and not those, who like himself, are confined.

### APPLICABLE LAW

The Sexually Violent Predators Act was enacted in 1999 with the intent of treating a "small but extremely dangerous group of sexually violent predators" that suffer from a behavioral abnormality. § 841.001. The Texas Civil Commitment Office is responsible for providing treatment and supervision for committed individuals. §§ 841.007, 841.083. The office developed a five-tiered treatment program to transition committed individuals from "total confinement" to less restrictive housing and supervision, and eventually, to release from civil commitment. *See* § 841.0831.[5] The first tier is the most restrictive and the fifth tier the least restrictive. *In re Bluitt*, 605 S.W.3d 199, 201 (Tex. 2020). Tier one and tier two individuals are required to wear a GPS tracking device. § 841.082(a)(4)(A)(ii), (iii). Black testified he is presently in tier two treatment.

Section 841.082(d) of the Code provides that the "*committing court retains jurisdiction of the case with respect to a proceeding conducted under this subchapter*, other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G." § 841.082(d). (Emphasis added). The subchapter referred to in the statute as subchapter E addresses modifications of the requirements of commitment. Section 841.082(e) provides that the

---

[5] Under a five-tiered treatment program, the Texas Civil Commitment Office evaluates a committed person's housing and movement through each tier "based on the person's behavior and progress in treatment." *In re Bluitt*, 605 S.W.3d 199, 201 (Tex. 2020).

requirements imposed on an individual who has been civilly committed may be modified by the *committing court* at any time after notice to each affected party to the proceedings and a hearing. § 841.082(e). (Emphasis added).

### PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea that challenges whether a trial court has the authority to decide the subject matter of a specific cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether a trial court has subject matter jurisdiction is a question of law that we review *de novo*. *Tex. DOT & Edinburg v. A.P.I. Pipe & Supply*, *LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Miranda*, 133 S.W.3d at 226. In doing so, we exercise our own discretion and redetermine each legal issue, without giving deference to the lower court's decision. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999) (op. on reh'g).

In deciding a plea to the jurisdiction, a court should construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true factual allegations contained in the pleadings. *See Miranda,* 133 S.W.3d at 226, 228. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence submitted by the parties, and it must do so, when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

### ANALYSIS

In the trial court and on appeal, Black couches his complaints as violations of his constitutional rights and attacks that portion of chapter 841 which requires him to submit to GPS tracking under a particular type of tracking service while confined in a civil

commitment facility as being unconstitutional. § 841.082(a)(4)(A)(ii), (iii) (requiring a tracking device if the person is in one of the two most restrictive tiers of treatment (tier one or tier two) or is on disciplinary status). Even construing Black's pleadings liberally and in his favor, the relief he seeks is to have his GPS monitoring device removed—a modification of his commitment requirements. *See* § 841.082(e) (providing the requirement imposed under subsection (a) may be modified by the committing court which retains jurisdiction to amend the conditions of a civil commitment order).

Furthermore, we look to the substance of Black's petition to determine the nature of the relief he seeks. *See Cupit v. Texas Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *4 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.). *See also Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (noting that "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading"). In reviewing Black's pleadings, we conclude, as does McLane, that he seeks to modify the requirement of his commitment that he wear a GPS tracking device, a claim that must be filed in the committing court. Even though Black purports to challenge the constitutionality of certain portions of section 841.082, when a case can be resolved on non-constitutional grounds, we need not address constitutional claims. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) (recognizing that courts only decide constitutional questions when issues cannot be resolved on non-constitutional grounds).

As such, we first address Black's complaints on non-constitutional grounds. As previously noted, subsections (d) and (e) of section 841.082 provide that the committing court retains jurisdiction with respect to proceedings under subchapter E and

modifications of a civil commitment order are to be made by the committing court. Requiring certain claims that are brought pursuant to the Sexually Violent Predators Act to remain in the committing court is "logical, prevents different courts from issuing competing orders as to the same committed person, and maintains continuity of oversight . . . ." *See In re Commitment of Hill*, 580 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Texas Civil Commitment Office v. Hartshorn*, 550 S.W.3d 319, 330 (Tex. App.—Austin 2018, no pet.)).

At the hearing in the underlying case, Black testified he was civilly committed in the 274th District Court of Guadalupe County.[6]  As such, the record unequivocally establishes that the 154th District Court of Lamb County did not have jurisdiction over Black's suit.  Thus, applying a *de novo* review, we conclude the trial court did not err in granting McLane's plea to the jurisdiction and dismissing Black's suit without prejudice. Black's issues are overruled.

**CONCLUSION**

The trial court's *Order Dismissing Claims Without Prejudice* is affirmed.

Per Curiam

---

[6] The State incorrectly argued that Black was committed in Montgomery County.