

**NUMBER 13-17-00256-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE: THE COMMITMENT OF LEONEL RAMIREZ SALOMON

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Leonel Ramirez Salomon was found beyond a reasonable doubt to be a sexually violent predator (SVP). *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a) (West, Westlaw through 2017 1st C.S.). The trial court judge received the jury's verdict, adjudged Salomon as an SVP, and civilly committed him for sex-offender treatment and supervision. *See id.* § 841.081 (West, Westlaw through 2017 1st C.S). By one issue, Salomon contends that the trial court erroneously prohibited him from asking a proper voir dire question. We affirm.

## I. BACKGROUND

The State had the burden to prove that Salomon (1) was a "repeat sexually violent offender" and (2) has a "behavioral abnormality" that made him "likely to engage in a predatory act of sexual violence." *Id.* As such, much of Salomon's trial focused on the State's expert diagnosis of "pedophilic disorder" or "pedophilia."

During voir dire, Salomon's attorney attempted to inquire about the venire members' ability to distinguish between pedophilic disorder and behavioral abnormality:

> [DEFENSE]: Is there anyone here that believes an expert would have so much weight in their discussion, that once they said this—once they made the diagnosis of pedophilic disorder, would you already assume that that's a behavior abnormality?
>
> [STATE]: Objection, Your Honor, improper question.
>
> [THE COURT]: Rephrase, please.
>
> [DEFENSE]: If a doctor made a diagnosis of pedophilic disorder, would you hear that as a behavioral abnormality?
>
> [STATE]: Again, Your Honor, improper question.
>
> [THE COURT]: Counsel, would you please rephrase it in such a way that there is not a commitment?
>
> [DEFENSE]: Thank you, Your Honor. The State has to prove two things beyond a reasonable doubt to you: One, that the person is a repeat sexually violent offender, and two, that the person has this behavior abnormality. Are you going to hold the State to their burden of proving that that behavioral abnormality exists?

After the jury returned its verdict that Salomon met the statutory criteria and the trial court signed the judgment, this appeal followed.

## II. DISCUSSION

Solomon argues by one issue that the trial court erred by sustaining the State's objection to his counsel's question at voir dire.

We apply an abuse of discretion standard to rulings on voir dire questions, keeping in mind that the trial court should allow a litigant broad latitude to discover bias or prejudice by potential jurors. *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 709 (Tex. 1989); *see In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no pet.). Salomon argues that his question was designed to uncover jurors who would find a "behavioral abnormality" based solely on the diagnosis of a "pedophilic disorder." He further contends that his question would allow him to discern if certain jury members would be unable to be fair to a pedophile, which is challengeable for cause.

Salomon analogizes his case to a number of cases in which counsel sought to determine juror bias, arguing he was unable to ask such a question of the jury panel in his case. *See, e.g., In re Commitment of Talley*, 522 S.W.3d 742 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *In re Commitment of Ramirez*, No. 09-13-00176-CV, 2013 WL 5658597, at *1 (Tex. App.—Beaumont Oct. 17, 2013, no pet.) (mem. op., not designated for publication); *In re Commitment of Kalati*, 370 S.W.3d 435 (Tex. App.—Beaumont 2012, pet. denied); *In re Commitment of Miller*, No. 09-11-00450-CV, 2012 WL 3031160 (Tex. App.—Beaumont July 26, 2012, pet. denied) (mem. op., not designated for publication); *see also In re Commitment of Hill*, 334 S.W.3d 226 (Tex. 2011). However, Salomon was able to ask questions specifically related to whether a pedophile would receive a fair and impartial decision by the jury. Just prior to his line of questioning made subject of this appeal, Salomon's attorney asked:

> You heard earlier that the State will most likely bring a doctor, an expert, and that doctor will talk to you a little bit about whatever it is that he's going to talk about. If you were to hear that that—that a doctor gave somebody a diagnosis of pedophilia, would you ever— would you ever—would you be able to put that aside and render a fair and impartial decision?

3

According to the reporter's record, there was no audible or visible response from the jury after this question was asked. Further, in his brief, Salomon notes that the State also asked similar questions of the jury. The questions which were disallowed specifically asked the jurors whether they would conclude that the pedophile diagnosis necessarily meant Salomon had a behavior abnormality, a question that goes to the weight they would give the diagnosis. *See Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006) ("If the voir dire includes a preview of the evidence, we hold that a trial court does not abuse its discretion in refusing to allow questions that seek to determine the weight to be given (or not to be given) a particular fact or set of relevant facts.").

Salomon argues that his inability to ask the jurors this question prevented him from discovering bias or prejudice so as to properly exercise his challenges for cause, but we disagree. *See id.* at 756 (holding that when a question "isolates a single fact material to the case," a trial judge may reason that "the question seeks to identify those jurors who agree that the one fact overcomes all others."). Salomon was able to explore the potential bias or prejudice of the jurors toward a person who had been diagnosed with pedophilia throughout his voir dire. *See Hill*, 334 S.W.3d at 229; *see also In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no pet.). The record demonstrates that the trial court did not foreclose all inquiry designed to discover biases or prejudices of the potential jurors toward pedophiles and therefore did not abuse its discretion or harm Salomon. *See In re Commitment of Barbee*, 192 S.W.3d 835, 846 (Tex. App.—Beaumont 2006, no pet.).; *see also In re Commitment of Ramirez*, No. 09-13-00176-CV, 2013 WL 5658597, at *3 (Tex. App.—Beaumont Oct. 17, 2013, no pet.) (mem. op.).

4

We overrule Salomon's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
9th day of August, 2018.