

IN THE
TENTH COURT OF APPEALS

No. 10-20-00045-CV

IN RE THE COMMITMENT OF MICHAEL JASON CLAXTON

From the 40th District Court
Ellis County, Texas
Trial Court No. 100701

MEMORANDUM OPINION

Appellant, Michael Jason Claxton, was found to be a sexually-violent predator under the Sexually Violent Predator Act (SVPA). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001-.151. On appeal, Claxton contends that: (1) the trial court erred by refusing to exclude the opinion of a non-testifying expert under the statutory right to cross-examination provided in section 841.061 of the SVPA; (2) the trial court erred by refusing to exclude the opinion of a non-testifying expert under Texas Rule of Evidence 705; (3) the trial court erred by refusing to exclude testimony about his non-sexually-related-murder conviction; and (4) the evidence is legally and factually insufficient to support the jury's finding that he is a sexually-violent predator. We affirm.

## Issue One

In his first issue, Claxton argues that the trial court erred by refusing to exclude the opinion of Dr. Stephen Thorne, a forensic psychologist, under the statutory right to cross-examination provided in section 841.061 of the SVPA. *See* Tex. Health & Safety Code Ann. § 841.061(d)(4).

### Applicable Law

In enacting the SVPA, the Texas legislature made specific findings that public safety and treatment are the primary statutory goals for the "small but extremely dangerous group of sexually[-]violent predators . . . [who] have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes [them] likely to engage in repeated predatory acts of sexual violence." *Id.* § 841.001.

The commitment procedure begins when the Texas Department of Criminal Justice notifies an established multidisciplinary team (MDT) of the anticipated release date of a person who is serving a sentence for a sexually violent offense and "may be a repeat sexually violent offender." *Id.* § 841.021(a). The MDT must timely assess whether the person is a repeat sexually violent offender and is likely to commit a sexually violent offense after release, notify the Department of the assessment, and make a recommendation regarding whether to evaluate the person for a behavioral abnormality. *Id.* § 841.022(c).

The Texas Supreme Court has determined that commitment under the SVPA is not punitive or criminal in nature and that a SVPA commitment proceeding is a civil matter to which the constitutional safeguards attendant to a criminal prosecution do not apply. *In re Commitment of Fisher*, 164 S.W.3d 637, 645-53 (Tex. 2005). Section 841.146(b) of the SVPA provides that a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases but that, to the extent of any conflict between this statute and the rules of procedure and appeal for civil cases, this statute controls. *In re Commitment of Jones*, 602 S.W.3d 908, 912 (Tex. 2020) (holding that a civil-commitment verdict that the defendant is a sexually-violent predator must be unanimous). Section 841.061(d) specifically sets out the rights of the person at the trial, including the right to cross-examine a witness who testifies against the person. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.061(d)(4).

**DISCUSSION**

Outside the presence of the jury, defense counsel objected to any reference being made to the MDT report prepared by Dr. Stephen Thorne because Dr. Thorne would not be testifying at trial. Defense counsel contends that the MDT report is testimonial because it was prepared for litigation, and therefore, should not be allowed into evidence. The ground for defense counsel's objection was that any reference to the MDT report would be "a direct violation of Section 841.061 of [the Texas Health & Safety Code], which

requires Mr. Claxton [have] the right to cross-examine a witness who testifies."[1]  *See* TEX.

HEALTH & SAFETY CODE ANN. § 841.061(d)(4).

However, while in the presence of the jury, the State's testifying expert, Dr. Turner,

was asked what records he reviewed and relied on in formulating his expert opinion.

When Dr. Turner mentioned the MDT report, defense counsel only objected to hearsay,

which was overruled.  Defense counsel did not object before the jury that Claxton's

statutory right to cross-examine was being denied as previously contended.

Furthermore, the record reflects that defense counsel and the state later questioned Dr.

Turner regarding Dr. Thorne's MDT report without objection.  *See Volkswagen of Am., Inc.*

*v. Ramirez*, 159 S.W.3d 897 (Tex. 2004) (holding that error in the admission of testimony

is deemed harmless and is waived if the objecting party subsequently permits the same

or similar evidence to be introduced elsewhere without objection); *State v. Cent.*

*Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) (stating that any error in the

admission of evidence is likely harmless if it is cumulative of other evidence); *see also In*

*re Commitment of Brown*, No. 05-16-01178-CV, 2018 Tex. App. LEXIS 1357, at *20 n. 3 (Tex.

App.—Dallas Feb. 20, 2018, no pet.) (mem. op.).  Therefore, because the objection made

at trial does not comport with the issue raised on appeal, we conclude that Claxton's first

---

[1] Also outside the presence of the jury, defense counsel requested a running objection to, among other things, any reference to the MDT report by Dr. Thorne.  The trial court specifically stated: "I'll give you a running objection to all the matters that you referenced, but I think you are going to have to renew your objection to MDT matters."  Defense counsel responded, "[c]ontemporaneously, yes, Your Honor."  The trial court then stated, "I understand. There may be some of those that are objectionable. There may be some that are not, but we'll cross that bridge."

issue was not preserved for appellate review. *See* TEX. R. APP. P. 31; *In re T.B.*, 594 S.W.3d 773, 779 (Tex. App. – Waco 2019, no pet.); *see also In re Commitment Lucero*, No. 09-14-00157-CV, 2015 Tex. App. LEXIS 1098, at *11 (Tex. App. Beaumont, Feb. 5, 2015, pet. denied) (mem. op.) ("An issue on appeal that does not comport with an objection made at trial is waived." (citations omitted)). We overrule Claxton's first issue.

## Issue Two

In his second issue, Claxton argues that the trial court erred by refusing to exclude the opinion of Dr. Thorne under Texas Rule of Evidence 705. *See* TEX. R. EVID. 705.

**APPLICABLE LAW**

Rule 705 of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data supporting his or her opinion through trial testimony. *See* TEX. R. EVID. 705(a); *In re Commitment of Polk*, 187 S.W.3d 550, 555 (Tex. App.—Beaumont 2006, no pet.). "When an expert relie[s] upon hearsay in forming his opinion, and it is of a type reasonably relied upon by such experts, the jury is generally permitted to hear it." *In re Commitment of Salazar*, No. 09-07-345-CV, 2008 Tex. App. LEXIS 8856, at *4 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (citing TEX. R. EVID. 703; *Decker v. Hatfield*, 798 S.W.2d 637, 638 (Tex. App. – Eastland 1990, writ. dism'd w.o.j.)). However, hearsay evidence that would be otherwise admissible may be excluded if its probative value in helping the jury evaluate the expert's opinion is outweighed by its prejudicial effect. *See* TEX. R. EVID. 705(d); *see*

*also In re Commitment of Carr*, No. 09-14-00156-CV, 2015 Tex. App. LEXIS 3492, at *6 (Tex. App.—Beaumont Apr. 9, 2015, no pet.) (mem. op.). If the court allows the jury to hear such evidence and the opponent of the evidence makes a timely request, the court must provide a limiting instruction to the jury, restricting the jury's use of the evidence. *See* TEX. R. EVID. 705(d); *see also In re Commitment of Salazar*, No. 09-07-345-CV, 2008 Tex. App. LEXIS 8856, at *4 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.).

**DISCUSSION**

Unless offered for a reason other than to prove the truth of the matter asserted, the introduction of an expert's out-of-court opinion would be deemed inadmissible hearsay. *See* TEX. R. EVID. 801; *In re Commitment of Lares*, 608 S.W.3d 41, 45 (Tex. App.—San Antonio 2020, no pet.). The rules of evidence do allow an expert's out-of-court opinion if it helps to form the basis of a testifying expert's opinion. *See* TEX. R. EVID. 705(d); *In re Commitment of Winkle*, 434 S.W.3d 300, 315 (Tex. App.—Beaumont 2014, pet. denied). In a SVPA case, an expert's opinion regarding risk assessment is pivotal, and it is important for a jury to be able to consider and scrutinize how the testifying expert arrived at his opinion in order for the jury to arrive at its own conclusion. *See In re Commitment of Winkle*, 434 S.W.3d at 315; *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied).

In this case, Dr. Turner described his methodology for arriving at a risk assessment of Claxton, which included reviewing Dr. Thorne's multidisciplinary team report. Dr.

Thorne's report found Claxton to have a behavior abnormality, which indicated that Claxton "possesses a severe degree of psychopathic characteristics." Dr. Turner explained that in assessing a behavior abnormality, psychologists are looking for a pattern of behavior. To do this, they have to look at past behaviors and prior sex offenses.

Ultimately, any prejudicial effect of providing "basis" evidence is mitigated by a trial court's limiting instruction, explaining the evidence's scope and purpose. *See In re Commitment of Winkle*, 434 S.W.3d at 315. Here, at the request of defense counsel, the trial court instructed the jury that testimony about a non-testifying expert's opinion, Dr. Thorne, may only be considered to show the basis of Dr. Turner's opinion and that the jury should not consider it for the truth of the matter asserted. In the absence of evidence to the contrary, we presume the jury followed the trial court's limiting instructions. *See In re Commitment of Stuteville*, 463 S.W.3d 543, 555 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *In re Commitment of Day*, 342 S.W.3d at 199; *see also In re Commitment of S.D.*, No. 10-17-00129-CV, 2020 Tex. App. LEXIS 101, at **16-17 (Tex. App.—Waco Jan. 8, 2020, no pet.) (mem. op.). Accordingly, we conclude that the trial court was within its discretion when it allowed Dr. Turner to testify about the MDT report regarding the basis for his opinion. *See In re Commitment of Talley*, 522 S.W.3d 742, 748 (Tex. App. – Houston [1st Dist.] 2017, no pet.) (noting that an appellate court reviews the trial court's decision to admit an out-of-court opinion for an abuse of discretion); *see also In re Commitment of*

*Lares*, No. 04-19-00240-CV, 2020 Tex. App. LEXIS 3917, at \*\*10-11 (Tex. App. – San Antonio May 6, 2020, no pet.) (mem. op). We overrule Claxton's second issue.

## Issue Three

In his third issue, Claxton argues that the trial court erred by refusing to exclude testimony about his non-sexually-related-murder conviction. *See* TEX. R. EVID. 705.

### APPLICABLE LAW

As stated earlier, the SVPA provides a civil-commitment procedure for the long-term supervision and treatment of sexually-violent predators. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.001; *see also In re Commitment of Stoddard*, 619 S.W.3d 665, 669 (Tex. 2020). "The commitment procedure begins when the Texas Department of Criminal Justice notifies an established multidisciplinary team of the anticipated release date of a person who is serving a sentence for a sexually[-]violent offense and 'may be a repeat sexually[-]violent offender.'" *Id.* (citing TEX. HEALTH & SAFETY CODE ANN. § 841.021(a)). "The team must timely assess whether the person is a repeat sexually[-]violent offender and is likely to commit a sexually[-]violent offense after release, notify the Department of the assessment, and make a recommendation regarding whether to evaluate the person for a behavioral abnormality." *Id.* (citing TEX. HEALTH & SAFETY CODE ANN. § 841.022(c)). "Upon receipt of a recommendation to do so, the Department must timely conduct the behavioral-abnormality assessment by utilizing an expert to examine the person and make a clinical assessment based on testing for psychopathy, a clinical interview, and

other appromriate . . . techniques." *Id.* (citing TEX. HEALTH & SAFETY CODE ANN. § 841.023(a)).

We review evidentiary rulings using an abuse-of-discretion standard. *See In re Commitment of Stuteville*, 463 S.W.3d at 554 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000)).

As stated earlier, under Texas Rule of Evidence 705, an expert in a SVPA civil commitment proceeding may disclose the underlying facts or data upon which the expert bases his or her opinion if it is of a type of information relied on by experts in the field when forming opinions on the subject. *See* TEX. R. EVID. 705; *see also In re Commitment of Stuteville*, 463 S.W.3d at 554-55. However, the expert's disclosure of these facts and data is subject to the same relevancy constraints that govern the admission of other kinds of evidence. *See* TEX. R. EVID. 705(d) ("If the underlying facts or data would otherwise be inadmissible, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect.").

Texas Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. "'Factors considered when applying the Rule 403 balancing test include the probative value of the evidence,

the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proponent's need for the evidence.'" *In re Commitment of Stuteville*, 463 S.W.3d at 555 (quoting *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied)).

Texas law presumes that relevant evidence is admissible. *See In re Commitment of Winkle*, 434 S.W.3d at 309 (citing Tex. R. Evid. 402). Although Rule 403 allows for the exclusion of relevant evidence on special grounds, it should be used sparingly. *See id.*

Evidence of other offenses may be admissible in civil commitment cases when such evidence assists the jury in understanding an expert's testimony that the person has a behavioral abnormality, which is the ultimate issue that the jury must determine. *See In re Commitment of Stuteville*, 463 S.W.3d at 556. This evidence may also be helpful to the jury in weighing the expert's opinion. *Id.*; *see In re Commitment of Talley*, 522 S.W.3d at 749.

**DISCUSSION**

The case at bar is substantially similar to a case decided by the First Court of Appeals. *See generally In re Commitment of Barrientos*, No. 01-17-00649-CV, 2018 Tex. App. LEXIS 5261 (Tex. App.—Houston [1st Dist.] July 12, 2018, pet. denied) (mem. op.). There, Barrientos argued that evidence of his non-sexual criminal conduct should have been excluded as unduly prejudicial because the State did not need evidence of his nonsexual criminal conduct to explain the basis of Dr. Thorne's, the State's testifying expert, opinion

that he suffers from a behavioral abnormality, and because the State introduced other evidence supporting Dr. Thorne's opinion. *Id.* at \*\*13-14. Dr. Thorne explained that antisocial behavior is one of the two main risk factors that experts in his field look at when evaluating whether someone has a behavioral abnormality. *Id.* at \*14. Dr. Thorne further stated that someone who is antisocial "breaks the law, violates the health, safety, the rights of other individuals, [and is] impulsive, rebellious, [and] irresponsible." *Id.* The First Court of Appeals concluded that the trial court could have reasonably concluded that this evidence "would be helpful to the jury in weighing Dr. Thorne's testimony, and in explaining the basis for Dr. Thorne's opinion that Barrientos suffers from a behavioral abnormality, based in party on his opinion that Barrientos has antisocial traits and an antisocial orientation." *Id.* at \*16.

Here, Dr. Turner reviewed Claxton's murder conviction to form an opinion concerning Claxton's antisocial personality and behavioral traits. Dr. Turner used this finding of Claxton's "serious and violent offense that occurred while he was on probation" as a factor in scoring the Static-99R, an antisocial personality disorder diagnosis. Moreover, as previously mentioned, the court gave a limiting instruction during trial and in the jury charge instructing the jury that they could only consider information derived from the records Dr. Turner reviewed and relied on for purposes of evaluating the basis of Dr. Turner's opinion and assessing the weight and credibility of his opinion. And there is nothing in the record indicating that the jury failed to follow

the judge's instructions. *See In re Commitment of Day*, 342 S.W.3d at 199 (stating that appellate courts presume the jury followed trial court's limiting instruction).

Therefore, based on the foregoing, the trial court could have reasonably found that evidence of Claxton's extraneous bad acts would be helpful to the jury in weighing Dr. Turner's testimony and in explaining the basis for Dr. Turner's opinion that Claxton suffers from a behavioral abnormality. *See In re Commitment of Stuteville*, 463 S.W.3d at 554-55; *see also In re Commitment of Barrientos*, 2018 Tex. App. LEXIS 5261, at *16. Given the purpose for admitting the evidence under Rule 705, and the trial court's limiting instruction, we conclude that the trial court did not abuse its discretion by refusing to exclude testimony about Claxton's non-sexually-related murder conviction. *See In re Commitment of Stuteville*, 463 S.W.3d at 554; *see also In re Commitment of Winkle*, 434 S.W.3d at 309. We overrule Claxton's third issue.

## Issues Four and Five

In his fourth and fifth issues, Claxton argues that the evidence is legally and factually insufficient to support the jury's finding that he is a sexually-violent predator. We disagree.

### STANDARD OF REVIEW

Proceedings under the SVPA are civil in nature, but because the State's burden of proof at trial is the same as in a criminal case, we review verdicts in cases brought under the SVPA using the standard of review applied in criminal cases. *In re Commitment of*

*Stuteville*, 463 S.W.3d at 551. When reviewing a legal-sufficiency challenge to the evidence in a sexually-violent-predator case, we assess all of the evidence in the light most favorable to the verdict to determine whether a rational jury could find, beyond a reasonable doubt, each of the elements that the State must prove to support a judgment of civil commitment. *In re Commitment of H.L.T.*, 549 S.W.3d 656, 661 (Tex. App.—Waco 2017, pet. denied) (citing *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied)).

The Texas Supreme Court has articulated the proper standard for factual-sufficiency review of a finding that a person is a sexually-violent predator as follows:

> The appellate standard governing a factual-sufficiency review of a finding that a person is a sexually[-]violent predator is whether, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met.

*In re Commitment of Stoddard*, 619 S.W.3d at 677.

**APPLICABLE LAW**

A civil commitment proceeding under the SVPA incorporates the "beyond a reasonable doubt" burden of proof typically reserved for criminal cases. *See In re Commitment of Fisher*, 164 S.W.3d at 639-41. In a suit to commit a person as a sexually-violent predator, the State must prove that the person "(1) is a repeat sexually[-]violent offender" who "(2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. §

841.003(a). A person is a "repeat sexually[-]violent offender" if he has been convicted of more than one sexually-violent offense and a sentence was imposed for at least one of the offenses. *Id.* § 841.003(b). As relevant here, sexual assault and attempted sexual assault, as outlined in section 22.011 of the Texas Penal Code, are sexually-violent offenses. *Id.* § 841.002(8)(A); *see* TEX. PENAL CODE ANN. § 22.011.

The SVPA defines "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually[-]violent offense, to the extent that the person becomes a menace to the health and safety of another person." TEX. HEALTH & SAFETY CODE ANN. § 841.002(1). A "predatory act" is "an act directed toward individuals, including family members for the primary purpose of victimization." *Id.* § 841.002(5). Further, "[a] condition which affects either emotional capacity or volitional capacity to the extent that a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

**DISCUSSION**

In arguing that the evidence is legally and factually insufficient to support the jury's verdict, Claxton focuses on the reliability of Dr. Turner's testimony, arguing that it was misleading, conclusory, and speculative. Conclusory testimony cannot support a judgment because it is considered no evidence. *Bombardier Aerospace Corp. v. SPEP*

*Aircraft Holdings*, LLC, 572 S.W.3d 213, 222 (Tex. 2019). An expert's testimony is conclusory when the expert asserts a conclusion with no basis. *Id.* at 223. The expert must link her conclusions to the facts, explaining the basis of her assertions. *Id.* An expert's experience alone may be a sufficient basis for expert testimony. *Id.* at 227. However, asking the jury to take the expert's word for it because of her status as an expert will not suffice. *Id.* at 223. Therefore, a judgment may not be supported by conclusory expert testimony even if a party did not object to admission of such testimony. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) ("[W]hen expert testimony is speculative or conclusory on its face . . . then a party may challenge the legal sufficiency of the evidence even in the absence of any objection to is admissibility."); *see In re Commitment of H.L.T.*, 549 S.W.3d at 661-62.

Dr. Turner has been a licensed clinical psychologist since 2013. He has conducted over two-hundred behavioral abnormality evaluations and testified regarding these evaluations nearly fifty times. In this case, Dr. Turner found Claxton to have a behavior abnormality that predisposes him to engage in predatory acts of sexual violence. Dr. Turner explained that he used the standard methodology that experts in Texas follow for these evaluations. Specifically, Dr. Turner conducted a face-to-face psychiatric evaluation of Claxton that lasted two-and-a-half hours and reviewed numerous documents, including the MDT report conducted by Dr. Thorne that also found Claxton

to have behavioral abnormality, offense reports, prison records, victim statements, and other official documents.

Among the documents reviewed by Dr. Turner were Claxton's prior sexually-related convictions, which included a 1984 conviction for sexual assault of a child that resulted in a year spent in the Giddings State School and subsequent juvenile detention until Claxton was eighteen years old, a 1991 conviction for attempted sexual assault that resulted in the assessment of a seven-year prison sentence that was probated for seven years with a $1,000 fine, and a 2011 conviction for sexual assault that resulted in a ten-year prison sentence. Claxton also received sexual-misconduct write-ups while in prison for masturbating toward a female officer and for consensual sex with another inmate. Additionally, Claxton admitted to Dr. Turner that, when he was an adult, he impregnated the fifteen-year-old daughter of his deceased brother, although he was never convicted for this offense. Moreover, the record contains a statement from Claxton indicating that when he was twenty years old, he sexually offended against a nineteen-year-old woman by rubbing her breasts, forcefully removing her clothing, and rubbing his penis against her vagina and anus without consent. Claxton also threatened this woman with death.

Dr. Turner testified that he looks for a pattern of behavior, and in doing so, he has to look at past behaviors and prior offenses. According to Dr. Turner, Claxton's history is very telling of Claxton's behavioral abnormality, as Claxton has only spent short periods of time in free society before committing other sexual offenses. Dr. Turner also

found it concerning that Claxton does not see victims as victims. Dr. Turner explained that "when he doesn't see a victim as truly a victim and he sees the victim as someone who may, to a certain degree, want violent sexual acts perpetrated against them, then the likelihood of him engaging in that act again and again increases."

Using the Diagnosis and Statistical Manual (DSM-V), Dr. Turner ultimately concluded that Claxton has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence based on two risk factors – an unspecified paraphilic disorder with sadistic interests, "which is where someone gets sexual gratification from causing pain or fear in their partners," and antisocial personality disorder, which Dr. Turner described as someone who puts themselves before others and lacks remorse. Dr. Turner noted, "we tend to see them very often engaging in illegal behaviors. They have a problem with authority. They tend to lie very easily. And then even when they're given a second chance or put on some kind of supervision, they tend not to be able to follow the rules and continue to get in trouble."

Based on the foregoing, we conclude that the record provides support for Dr. Turner's opinions. Consequently, his opinions cannot be characterized as wholly conclusory or without any foundation. *See In re Commitment of H.L.T.*, 549 S.W.3d at 661-64 (concluding that expert testimony was not wholly conclusory or without any foundation based on facts from the person's past, reports from a psychologist who found the person to suffer from a behavioral abnormality, a face-to-face interview of the person,

a consideration of various risk factors for sexually reoffending, a consideration of prior sexual offenses, and her knowledge and expertise to support her opinion, among other things); *see also Pollock*, 284 S.W.3d at 817. Furthermore, viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found, beyond a reasonable doubt, that Claxton is a repeat, sexually-violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.002(2), 841.003(a); *In re Commitment of H.L.T.*, 549 S.W.3d at 661-64; *In re Commitment of Almaguer*, 117 S.W.3d at 506. In other words, we conclude that the evidence is legally sufficient to support the jury's finding that Claxton is a sexually-violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a), 841.062; *In re Commitment of H.L.T.*, 549 S.W.3d at 661-64; *In re Mullens*, 92 S.W.3d at 885.

Additionally, in light of the entire record, the evidence is also factually sufficient to support the jury's verdict.[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062; *see also In re Commitment of Stoddard*, 619 S.W.3d at 677 (citing *In re A.C.*, 560

---

[2] In his issue regarding factual sufficiency, Claxton argues that the evidence is factually insufficient to support the jury's verdict because, with a flawed expert opinion, he has not been shown beyond a reasonable doubt to be "a member of the small group of extremely dangerous sex offenders" the SVPA was enacted to address. In making this argument Claxton relies heavily on the Fort Worth Court of Appeals's opinion in *In re Commitment of Stoddard*. *See In re Commitment of Stoddard*, 601 S.W.3d 879 (Tex. App.—Fort Worth 2019), *rev'd*, 619 S.W.3d 665 (Tex. 2020). However, while this case was pending in this Court, the Texas Supreme Court reversed the Fort Worth Court of Appeals's *Stoddard* opinion, holding that the "small but extremely dangerous group" language in the SVPA that the Fort Worth Court of Appeals relied on is not part of the statute's definition of "sexually[-]violent predator" and, therefore, is not an element the jury had to find. *See In re Commitment of Stoddard*, 619 S.W.3d at 677. Thus, we are not persuaded by this argument or Claxton's reliance on the reversed *Stoddard* opinion from the Fort Worth Court of Appeals.

S.W.3d 624, 631 (Tex. 2018); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). The jury was entitled to draw reasonable inferences from basic facts to determine ultimate facts, and to resolve conflicts and contradictions in the evidence by believing all, some, or none of the testimony. *See In re Commitment of Barbee*, 192 S.W.3d 835, 842 (Tex. App.—Beaumont 2006, no pet.). The jury apparently chose to accept as credible Dr. Turner's testimony. Accordingly, we overrule Claxton's fourth and fifth issues.

## Conclusion

Having overruled all of Claxton's issues on appeal, we affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Affirmed
Opinion delivered and filed October 20, 2021
[CV06]

